UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANTHONY STEELE,

                          Plaintiff,

-against-

City of New York; Det. EVAN SMELLEY,
Individual Capacity; A.D.A. RUPERT V.
BARRY, Individual Capacity,

                          Defendants.
----------------------------------------------------------------x

NOT FOR PRINT OR ELECTRONIC
PUBLICATION

MEMORANDUM
AND ORDER
10-CV-1990 (KAM) (LB)

DOCKET & FILE

MATSUMOTO, United States District Judge:

On April 16, 2010, plaintiff Anthony Steele, currently incarcerated at Upstate Correctional Facility, commenced this *pro se* action against defendants alleging violations under 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint as to defendant City of New York as set forth below. The complaint shall proceed as to defendants Smelley and Barry.

## Background

Plaintiff alleges that on November 22, 2007, he was falsely arrested by defendant Evan Smelley, a detective employed at the 79 Precinct, and that he was held in custody from his arrest to February 25, 2009, "when the jury acquitted the plaintiff." Compl. at ¶ IV. Plaintiff further alleges that defendant Assistant District Attorney Rupert V. Barry, employed at the Kings County District Attorney's Office, "conducted a bad faith prosecution of the plaintiff." Id. He seeks $6.3 million in damages for false arrest, "bad faith prosecution," mental stress, and anguish. Id. at ¶ V.

## Discussion

A.     Standard of Review

As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). However, the *in forma pauperis* statute requires this Court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under §1915A for prisoners).

B.     The City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Amnesty America v. Town of West Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004). The complaint, see Compl. at ¶ IV, does not allege and, cannot reasonably be interpreted as alleging facts sufficient to demonstrate that the alleged injury was caused by any policy or custom of the municipal defendant, the City of New York.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to the City of New York for failure to state a claim pursuant to 28 U.S.C. § 1915A. No summons shall issue as to this

defendant. The complaint, however, shall proceed as to defendant Evan Smelley, Shield No. 4312, New York City Police Department, 79th Precinct and defendant Rupert V. Barry, Assistant District Attorney, Kings County District Attorney's Office.

The Clerk of Court is respectfully directed to prepare a summons and the United States Marshals Service is respectfully directed to serve a copy of this order, the summons, complaint and *in forma pauperis* application upon defendants Smelley and Barry without prepayment of fees. A copy of this order and a copy of the complaint and *in forma pauperis* application shall be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is respectfully referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this order would not be taken in good faith and, therefore, *in forma pauperis status* is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 10, 2010

/S/
KIYO A. MATSUMOTO
United States District Judge