FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 23 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ANTHONY STEELE,

                  Plaintiff,

-against-

DET. EVAN SMELLEY and
A.D.A. RUPERT V. BARRY,

                  Defendants.

----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**10 CV 1990 (KAM) (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff, Anthony Steele, brings this *pro se* action alleging false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages from defendants for the fifteen months he was imprisoned before he was acquitted of the criminal charges against him. Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Honorable Kiyo A. Matsumoto referred defendants' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendants' motion for summary judgment should be granted.

## BACKGROUND

The following facts are not in dispute. On August 10, 2005, defendant Detective Evan Smelley received a radio transmission that a man had been shot inside 515 Franklin Avenue in Brooklyn. Defendants Smelley and Barry's Statement of Undisputed Facts Pursuant to Rule 56.1 of the Federal Rules of Civil Procedure ("Defs.' Rule 56.1 Statement"), docket entry 35 at 2.[1]

---

[1] Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried. See Local Rule 56.1(a); see also Giannullo v. City of New

1

Detective Smelley and a number of other detectives responded to the scene. Id. at 2. Witnesses told Detective Smelley that a man with a gun had entered an area of the building where illegal gambling took place, announced a robbery and told everyone to move to the back of the room. Id. at 3. The victim and one other individual tried to subdue the gunman and grabbed his gun. Id. A second perpetrator entered the site, retrieved the gun, and shot the victim twice. Id. The two perpetrators then fled the scene. Id. The victim was taken to the hospital and pronounced dead on arrival. Id.

The next day two witnesses identified Terrance Lessane in a photo array as the second perpetrator who entered the gambling site and shot the victim. Affidavit of Defendant Evan Smelley in Support of Defendants' Motion for Summary Judgment ("Smelley Aff."), docket entry 34-5 at 2. Lessane was arrested. Id. On August 17, 2005 Detective Smelley spoke with Terrance Lessane's father, who told the Detective that the name "Fat Tony" kept coming up in conversations with his son's friends as someone who was involved in the shooting. Defs.' Rule 56.1 Statement, docket entry 35 at 3-4. Lessane's father provided defendant Smelley with Fat Tony's telephone number. Id. at 4.

The following day, Detective Smelley investigated the information Lessane's father had provided to him and learned that Fat Tony's telephone number belonged to plaintiff. Id. Detective Smelley also learned that there were arrest reports for plaintiff, and that plaintiff had a

---

York, 322 F.3d 139, 140 (2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 72 (2d Cir. 2001). Local Rule 56.1(b) requires that the party opposing a motion for summary judgment submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Although defendants submitted a statement, plaintiff has not. Therefore, the Court may deem the facts in defendants' Rule 56.1 statement admitted. See Local Rule 56.1(c). However, the Court may not rely solely on the statement of undisputed facts contained in the Rule 56.1 statement: "[i]t must be satisfied that the citation to evidence in the record supports the assertion." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (citing Giannullo, 322 F.3d at 143 n.5). Therefore, the Court deems admitted only those facts in defendants' Rule 56.1 statement that are supported by admissible evidence and not controverted by the record.

suspended New York driver's license. Id. Detective Smelley subpoenaed plaintiff's Department of Motor Vehicle ("DMV") photo, and requested a photo-array using the DMV photo of plaintiff from the Office of National Drug Control Policy. Id. On September 2, 2005, Detective Smelley separately showed this photo array to two witnesses. Id. at 5. Both witnesses positively identified plaintiff as the gunman at 515 Franklin Avenue on August 10, 2005. Id.

Plaintiff remained at large for two years. Id. On November 21, 2007, plaintiff was arrested for a separate armed robbery offense, and Detective Smelley was informed of that arrest. Id. at 6. On November 22, 2007, Detective Smelley conducted a line-up with respect to the August 10, 2005 homicide. Id. A witness to the homicide who had fought the gunman identified plaintiff as the person who came to 515 Franklin Avenue on August 10, 2005 and announced a "stick-up." Id. Detective Smelley arrested plaintiff on charges of murder, attempted robbery, and criminal possession of a weapon. Id. at 7.

On December 10, 2007, plaintiff was indicted for murder in the second degree, attempted robbery in the first and second degrees, and criminal possession of a weapon in the second and third degrees. Id. On February 25, 2009 a consolidated trial against plaintiff and Terrance Lessane commenced in the Supreme Court in Kings County. Id. Defendant Rupert Barry, an Assistant District Attorney ("ADA"), was the prosecutor. Id. ADA Barry introduced witnesses' testimony that plaintiff entered the illegal gambling site at 515 Franklin Avenue on August 10, 2005 with a loaded firearm, announced a robbery, struggled with the victim, and passed the gun to Terrance Lessane who shot the victim. Affidavit of Defendant Rupert Barry in Support of Defendants' Motion for Summary Judgment ("Barry Aff."), docket entry 34-22 at 2. The witnesses also testified that they had picked plaintiff out of a photo array and a line-up. Defs.'

Rule 56.1 Statement, docket entry 35 at 8. Although Terrance Lessane was found guilty, the jury found plaintiff not guilty on all charges. Id.

## PROCEDURAL HISTORY

Plaintiff's *pro se* complaint against the City of New York, Detective Smelley, and ADA Barry pursuant to 42 U.S.C. § 1983 was filed in this Court on April 16, 2010. Plaintiff's Civil Rights Complaint ("Compl."), docket entry 1. On May 10, 2010 the Court dismissed the City of New York as a defendant. Docket entry 4 at 2. Plaintiff's claims against Detective Smelley and ADA Barry were permitted to proceed. Id. at 3.[2]

On August 11, 2010, Detective Smelley and ADA Barry answered the complaint. Docket entry 15. Following an initial telephone conference on September 15, 2010, the parties conducted discovery. See docket entry 18. Defendants now move for summary judgment.[3] Plaintiff opposes the motion, see Pl.'s Opp'n, docket entry 38, and defendants have replied. Docket entry 39.

---

[2] Plaintiff's complaint alleges that he was subjected to "cruel and unusual punishments while being in the custody of Riker's Island detention center." See Compl., docket entry 1 at 4. At his deposition, plaintiff testified that a corrections officer at Rikers Island hit him on the head with a stick. Plaintiff's Deposition Transcript ("Pl.'s Dep. Tr."), docket entry 41 at 27. However, plaintiff made clear that his claim here is for his loss of liberty, not for the alleged assault:
    "Q. And you are not alleging physical injury from that incident here in this lawsuit?
    A. Nah.
    Q. So you are just seeking the loss of liberty that 15 months, correct?
    A. Yes."
Id. at 27-28.

[3] Defendants provided plaintiff notice under Local Civil Rule 56.2. See docket entry 36. However, defendants' counsel's office shall note that the last page of the Rule 56.2 notice is missing from the copy filed herein. The City Law Department should make sure that the full 56.2 notice is used in all cases. As the full text of Rule 56 was included in the notice given herein and plaintiff has opposed defendants' motion, the Court will not deny defendants' motion on this basis. See McPherson v. Coombe, 174 F.3d 276, 282 (2d Cir 1999) (reversing the district court's grant of summary judgment where it was not clear that the *pro se* litigant understood the nature and consequences of Rule 56 and where the litigant had not been so informed by the movant or district court) (citing Vital v. Interfaith Med. Ctr., 168 F.3d 615 (2d Cir. 1999)).

# DISCUSSION

## I. Standard of Review

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists." Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010) (internal quotation marks and citations omitted). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (quoting Anderson, 477 U.S. at 248); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000) (citation omitted); see also Baker v. Home Depot, 445 F.3d 541, 543 (2d Cir. 2006) (resolving all ambiguities and drawing all inferences in favor of the non-moving party on summary judgment). For the purposes of defendant's motion for summary judgment, the facts here are viewed in the light most favorable to plaintiff.

"[T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential

Services Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994) (citations omitted). The non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998)). Moreover, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Niagara, 315 F.3d at 175 (quoting Anderson, 477 U.S. at 252). Rather, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Finally, "[w]here the non-moving party is proceeding *pro se*, the court must interpret that party's supporting papers liberally, that is, interpret them to raise the strongest possible arguments that they suggest." Forsyth v. Fed'n Empl. & Guidance Serv., 409 F.3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted), abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618 (2007).

**II. False Arrest**

Plaintiff claims that his arrest on November 22, 2007 by Detective Smelley was "unlawful and unwarranted." Compl., docket entry 1 at 5. "The elements of a false arrest claim under § 1983 are substantially the same as the elements of a false arrest claim under New York law." Mitchell v. Home, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005) (citing Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) (other citation omitted)). The four elements of a claim for false arrest under New York law are: 1) the defendant intentionally confined plaintiff; 2) plaintiff

was conscious of the confinement; 3) plaintiff did not consent to the confinement; and 4) the confinement was not otherwise privileged. See Jocks v. Tavernier, 316 F.3d 128, 134-35 (2d Cir. 2003); Harris v. Cnty. of Nassau, 581 F.Supp.2d 351, 354-55 (E.D.N.Y. 2008).

"Under New York law, the existence of probable cause is an absolute defense to a false arrest claim." Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) (citation omitted); see also Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause") (citation omitted). "Probable cause requires an officer to have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (citation and internal quotation marks omitted). "Probable cause is not a particularly demanding standard," United States v. Solomonyan, 451 F.Supp.2d 626, 635 (S.D.N.Y. 2006) (citations omitted), but is determined by looking at what facts the officers had available at the time of, and immediately prior to, arrest. See Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002).

Thus, the "validity of an arrest does not depend upon an ultimate finding of guilt or innocence." Peterson v. Cnty. of Nassau, 995 F.Supp. 305, 313 (E.D.N.Y. 1998) (citing Pierson v. Ray, 386 U.S. 547, 555 (1967)) ("Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved") (overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)); see also Johnson v. City of New York, No. 08 Civ. 5277(SHS), 2010 WL 2292209, at *4 (S.D.N.Y. June 7, 2010) ("an acquittal has no bearing on the issue of whether probable cause existed for the arrest ...") (citations omitted).[4]

---

[4] The Clerk of Court is directed to send plaintiff the attached copies of all unreported cases cited herein.

"In general, a positive photo identification by an eyewitness is legally sufficient to establish probable cause to arrest." Paige v. Moskalik, No. 07 Civ. 7381(SCR)(GAY), 2010 WL 6466052, at *5 (S.D.N.Y. April 28, 2010) (citations omitted); see also Ackridge v. New Rochelle City Police Dep't, No. 09-CV-10396 (CS)(LMS), 2011 WL 5101570, at *1 (S.D.N.Y. Oct. 25, 2011) ("The victim's identification from a photo array is sufficient to provide probable cause to arrest") (citation omitted); Garrett v. City of New York, No. 10 Civ. 2689(JGK), 2011 WL 4444514, at *4 (S.D.N.Y. Sept. 26, 2011) ("The fact that the victim identified the plaintiff in a photo array and a line-up gave [defendant officer] probable cause to arrest the plaintiff") (citation omitted).

The undisputed record here demonstrates that Detective Smelley had probable cause to arrest plaintiff on November 22, 2007 based on witness identifications. After plaintiff's name matched a telephone number given to Detective Smelley by Lessane's father, two witnesses positively identified plaintiff from a photo array as the individual who walked into 515 Franklin Avenue waving a gun a month earlier. One of the witnesses also identified plaintiff at a line-up held after plaintiff was arrested on a separate robbery charge. The identifications were sufficient to give Detective Smelley probable cause to arrest plaintiff. Garrett, 2011 WL 4444514 at *6 (finding probable cause to arrest plaintiff based on victim's identification of plaintiff in a photo array and line-up, where there was no basis to find that either procedure was "impermissibly suggestive").

Plaintiff argues that defendants should not have arrested him because he told them he was not involved in the crime. Pl.'s Opp'n, docket entry 38 at 5. But "an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." Panetta, 460 F.3d at 395-96. "Once a police officer has a reasonable basis for believing there is

probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (citation and internal quotation marks omitted); see also De Santis v. City of New York, No. 10 Civ. 3508(NRB), 2011 WL 4005331, at *7 (S.D.N.Y. Aug. 29, 2011) (noting, in the context of plaintiff's malicious prosecution claim, that "the protestations of innocence by an arrestee are so common as to be virtually a matter-of-course") (citation omitted). Although plaintiff argues that upon his arrest "he was much aware that he didn't commit these alleged infractions against society ... but no one listened to him," docket entry 38 at 7, defendant Smelley had probable cause to arrest him. Accordingly, defendants' motion for summary judgment should be granted on plaintiff's false arrest claim.

### III. Malicious Prosecution

Plaintiff alleges that defendants "conducted a Bad Faith Prosecution," depriving him of his "liberty interest" during the fifteen months he remained imprisoned without bail while awaiting trial. See Compl., docket entry 1 at 4-5; Pl.'s Opp'n, docket entry 38 at 3. A plaintiff may challenge a post-arraignment deprivation of liberty by claiming malicious prosecution under 42 U.S.C. § 1983. See Singer, 63 F.3d at 117. To establish a prima facie case of malicious prosecution, a plaintiff must show that: 1) the defendant initiated a criminal proceeding; 2) there was no probable cause for the criminal charge; 3) the defendant acted with malice; and 4) the proceeding terminated in plaintiff's favor. Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004) (citations omitted).

## A. Detective Smelley[5]

Although the proceedings terminated in plaintiff's favor, and for purposes of the instant motion, I will assume Detective Smelley initiated plaintiff's prosecution,[6] plaintiff's malicious prosecution claim against Detective Smelley fails because there was probable cause for the criminal charge. As in a false arrest claim, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (citation omitted). The probable cause determination in a malicious prosecution claim is "whether there was probable cause to believe the criminal proceeding could succeed and, hence, should be commenced." Mejia v. City of New York, 119 F.Supp.2d 232, 254 (E.D.N.Y. 2000) (citing Posr v. Court Officer Shield # 207, 180 F.3d 409, 417 (2d Cir. 1999)). "A presumption of probable cause is created ... by a grand jury's indictment." Boyd, 336 F.3d at 76. To rebut the presumption, plaintiff must show that the indictment was "produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Id. (citation omitted).

Here, plaintiff was indicted on December 10, 2007, creating a presumption of probable cause for plaintiff's prosecution. Plaintiff has failed to rebut this presumption. Plaintiff states only that his prosecution was based on "flawed evidence" and under a "flawed theory" without anything more. Pl.'s Opp'n, docket entry 38 at 4. Such conclusory allegations are insufficient to

---

[5] It is unclear whether plaintiff brings a malicious prosecution claim against Detective Smelley as well as against ADA Barry. However, defendants have assumed so, see Defendants Smelley and Barry's Memorandum of Law in Support of Their Motion for Summary Judgment ("Defs.' Mem. of Law"), docket entry 37 at 18-24, and therefore the Court addresses this claim.

[6] Contrary to defendants' assertions, see Defs.' Mem. of Law, docket entry 37 at 19-20, "[u]nder New York law, police officers can 'initiate' prosecution by filing charges or other accusatory instruments." Cameron v. City of New York, 598 F.3d 50, 63 (2d Cir. 2010) (citing among others Lowth v. Town of Cheektowaga, 82 F.3d 563, 568, 571 (2d Cir. 1996) (finding "no dispute as to the first" element of a malicious prosecution claim against a police officer where the officer arrested plaintiff and took her to the police station where she was charged with various offenses); see also White v. Frank, 855 F.2d 956, 962 n.6 (2d Cir. 1988) ("We have assumed in the past that police officers are subject to liability for malicious prosecution as any other defendant would be, assuming of course that the high standard of liability is met") (citations omitted).

rebut the presumption of probable cause for the prosecution. "[I]n order to survive a motion for summary judgment on the malicious prosecution claim, [plaintiff] must have submitted evidence sufficient for a reasonable jury to find that his indictment was procured as a result of police conduct undertaken in bad faith." Savino, 331 F.3d at 73. Plaintiff submits no such evidence here.[7] See also Johnson v. City of New York, No. 06-CV-630 (KAM)(ALC), 2010 WL 2771834, at *9 (E.D.N.Y. July 13, 2010) (finding insufficient plaintiff's "speculative assertion that the grand jury indictment was procured as a result of conduct undertaken by [defendant officer] in bad faith").

Even if Detective Smelley lacked probable cause to charge plaintiff, he would still be entitled to summary judgment on plaintiff's malicious prosecution claim based on qualified immunity. "Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial, lawsuits." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (citing Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982)). In the current context, "an arresting officer is entitled to qualified immunity on claims of false arrest and malicious prosecution if either: (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Carthew v. Cnty. of Suffolk, 709 F.Supp.2d 188, 203 (E.D.N.Y. 2010) (citations omitted). Here, the undisputed evidence is that two witnesses positively identified plaintiff from a photo array as the individual who walked into 515 Franklin Avenue

---

[7] At his deposition, plaintiff answered the following question:
"Q. But is there anything specifically that you know or that you have that says that Assistant District Attorney or Detective Smelley did not have enough evidence?
A. Nah, I don't have nothing saying that they didn't have enough evidence..."
Pl.'s Dep. Tr., docket entry 41 at 27. Plaintiff's theory is that because Lessane did not implicate him and instead implicated two other individuals, there was "nothing to link [plaintiff] to any crime." Id. But plaintiff was positively identified by witnesses to the crime, providing the probable cause for his arrest. There is no evidence that plaintiff's indictment was procured as a result of police conduct undertaken in bad faith.

waving a gun, and one witness positively identified plaintiff in a line-up. It was therefore reasonable for Detective Smelley to believe that he had probable cause to criminally charge plaintiff. "Normally, it is only the 'plainly incompetent or those who knowingly violate the law'—those who are not worthy of the mantle of office—who are precluded from claiming the protection of qualified immunity." Moore v. Andreno, 505 F.3d 203, 214 (2d Cir.2007) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). Accordingly, even if Detective Smelley had lacked probable cause to initiate plaintiff's prosecution, under these facts he would be entitled to qualified immunity. Therefore, defendants' motion for summary judgment should be granted on plaintiff's malicious prosecution claim against Detective Smelley.

**B. ADA Barry**

Defendants' argue that plaintiff's claims against ADA Barry in his official capacity should be dismissed as they are barred by the Eleventh Amendment to the U.S Constitution. Defs.' Mem. of Law, docket entry 37 at 24-25. The Eleventh Amendment bars suits for monetary damages against the states. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "The Second Circuit has held that 'While performing prosecutorial acts, district attorneys [and assistant district attorneys] in New York represent not the county in which they serve but the state.'" Galliotti v. Green, No. 07-cv-6601, 2011 WL 2938449, at *6 (W.D.N.Y. July 19, 2011) (quoting Baez v. Hennessy, 853 F.2d 73, 76 (2d Cir. 1988)). As such, plaintiff's claims for damages against ADA Barry in his official capacity are claims against the State of New York. Accordingly, plaintiff's claims against ADA Barry in his official capacity are barred by the Eleventh Amendment.

Defendants also argue that plaintiff's claims against ADA Barry in his individual capacity should be dismissed as ADA Barry is entitled to absolute immunity. Absolute

immunity applies to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). "The rational for conferring absolute immunity in such circumstances is that '[t]he public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages.'" Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 424-25 (1976)). Plaintiff fails to present evidence that ADA Barry acted outside of his role as a prosecutor. See e.g. Williams v. City of New York, No. 06-CV-66-1 (NGG), 2009 WL 3254465, at *10 (E.D.N.Y. Oct. 9, 2009) (finding defendant DA and ADA entitled to absolute immunity from plaintiff's malicious prosecution claim where no evidence suggested they acted outside their role as prosecutors). Accordingly, ADA Barry is entitled to absolute immunity and defendants' motion for summary judgment should be granted on plaintiff's malicious prosecution claim against him.

**IV. State Law Claims**

Defendants argue that to the extent plaintiff alleges state law claims, those claims fail because plaintiff did not file a notice of claim within 90 days of the incident as required under New York General Municipal Law § 50-e. Defs.' Mem. of Law, docket entry 37 at 26. Plaintiff admits that he did not file a notice of claim, see Pl.'s Dep. Tr., docket entry 41 at 2, but argues that he is "not required to file a Notice of Intention with the Federal Courts." Pl.'s Opp'n, docket entry 38 at 7. Plaintiff is correct that a notice of claim is not required to proceed in federal court on his § 1983 claims, but plaintiff is incorrect regarding the notice requirement for any state law claim. "State law claims brought in federal court must comply with this procedural requirement." Jean v. City of New York, No. 08-CV-00157 (RER), 2009 WL 3459469, at * 10

13

(E.D.N.Y. Oct. 22, 2009) (citing Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999)).

However, because plaintiff's federal claims should be dismissed, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. 1367 over plaintiff's state law claims. 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point towards declining to exercise jurisdiction over the remaining state law claims"); see also Valencia v. Lee, 316 F.3d 299 (2d Cir. 2003) (declining to exercise supplemental jurisdiction); Seitz v. DeQuarto, 777 F.Supp.2d 492, 504 (S.D.N.Y. 2011) (same). Accordingly, to the extent plaintiff alleges state law claims, they should be dismissed without prejudice.

## CONCLUSION

It is respectfully recommended that defendants' motion for summary judgment should be granted and plaintiff's complaint should be dismissed. To the extent plaintiff alleges state law claims, they should be dismissed without prejudice.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: February 23, 2012
Brooklyn, New York